JiTHOMAS C. WICKER, Jr., Judge Pro Tem.
This matter originally was before us on a writ application, which we denied. However, the Supreme Court granted writs and returned the case with the following directive: “[R]emanded to the court of appeal for briefing, argument and an opinion in light of United States v. $8,850.00, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), and State v. $126,058.00 U.S. Currency, 595 So.2d 1157 (La.1992).” State v. Nourallah, 98-1651 (La.7/2/98), 721 So.2d 900. For the reasons set forth below, we recall our earlier ruling, grant the application, vacate the trial court’s judgment, and remand for an evidentiary hearing.
This is an in rem proceeding by the State of Louisiana under the Seizure And Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601-2622, for forfeiture of various bank accounts and other property held in the name of Abdel Naser Nourallah. Nourallah is a Syrian national and a physician who is charged with violation of the controlled dangerous substances laws while he was practicing medicine in Laplace. His liability under the criminal laws has not yet been determined because the criminal charges are still pending. At issue before us is whether the State’s failure to set the forfeiture petition for hearing within 60 days of its filing was ground for the trial court to order release of the seized property.
bThe Seizure And Controlled Dangerous Substances Property Forfeiture Act of 1989 provides for the State to seize and seek forfeiture of property or proceeds obtained or derived from acts punishable by confinement for more than one year under the Controlled Dangerous Substances Act, La. *924 R.S. 40:961 et seq. Such action is initiated by the State’s seizure based on probable cause, followed by the State’s obtaining a warrant of seizure to hold the property pending forfeiture. La. R.S. 40:2606(A).
The State must notify the owner of the property of its intent to seek forfeiture within 45 days after the seizure and must initiate forfeiture proceedings within 120 days of seizure by filing a notice of pending forfeiture. La. R.S. 40:2608(l)(a). The owner may file a claim within 30 days after the notice of pending forfeiture. La. R.S. 40:2610(A). If the owner makes a timely claim to the property, the State mu'st file a petition for forfeiture within 90 days of the notice of pending forfeiture. La. R.S. 40:2608(l)(a). If the State fails to comply with these provisions, “the property shall be released from its seizure for forfeiture on the request of an owner or interest holder, pending further proceedings _” Id.
La. R.S. 40:2611(J) states that acquittal or dismissal in a criminal proceeding shall not preclude civil proceedings for. forfeiture, but “for good cause shown, on motion by the district attorney, the court may stay civil forfeiture proceedings during the criminal trial for a related criminal indictment or information alleging a violation of this Chapter.”
La. R.S. 40:2612(G) provides, “The issue shall be determined by the court alone, and the hearing on the claim shall be held within sixty days after service of the petition unless continued for good cause.” (Emphasis added.)
In Nourallah’s case the State obtained a seizure warrant pursuant to La. R.S. 40:2606(A), authorizing seizure of some $96,-000 in various bank and investment accounts in the name of Nourallah and/or Metairie Primary Medical Clinic, Inc. The State seized the funds and issued a notice of pending forfeiture as required by ' La. R.S. 40:2607(B)(2). Nourallah filed a request for stipulation of exemption and claim under La. R.S. 40:2609^10.3 On October 24, 1997 the State filed a petition for forfeiture in rem, pursuant to La. R.S. 40:2612. Neither party moved to set a hearing on the claim.
On January 16, 1998 Nourallah filed a motion for release of the seized property and for dismissal of the State’s petition with prejudice, alleging that more than 60 days had passed after service of the State’s petition, but no hearing had been held during that time, so that he was entitled to return of his funds and dismissal of the forfeiture proceeding. The State moved for an extension of time to go to trial and to stay the forfeiture proceedings pending the resolution of the criminal proceedings against Nourallah.
The trial court denied the State’s motion for extension of time and ordered that the property at issue be returned to the defendants within 30 days from the signing of the judgment, stating, “The state did not request a hearing within the sixty-day time limit set by the statute. Furthermore, the state’s request for an extension of time in which to schedule the hearing was not filed until after the sixty-day period lapsed.” The court did not dismiss the proceeding, however.
The State sought writs, arguing that the court erred in placing the burden on the State to obtain the forfeiture hearing within 60 days. The State contends that the burden should have been on the claimant to move for the hearing, analogizing the situation to criminal matters where the burden is on the accused to move for speedy trial. Further, the State asserts the statute does not provide that seized property must be released if no hearing takes place within 60 days, nor does it direct that the court must dismiss the action. The State contends the trial court exceeded its authority in ordering return of the assets.
In opposition, Nourallah argues that the seizure of the property impinges on his due process rights. He asserts that since the State is holding the seized property, it has the statutory duty to bring the matter to healing within the 60-day time period imposed by the statute. He likens the State’s failure to set a timely hearing to the failure to file a tort suit within the one-year prescription period, arguing the State’s time period to show probable cause for forfeiture is prescribed. He contends that under La. R.S. 40:2612(G) and (H), “the ^State must prove its case at a hearing within sixty (60) days *925 after the service of the petition and if this is not done, the property must be returned to the claimant and the State’s Petition dismissed with prejudice.”
On our original review we denied writs, stating that on the showing made we found no reason to exercise our supervisory jurisdiction. Our reasoning, not expressed in the writ disposition, was that the State had failed to timely request a stay of the forfeiture proceedings or to request a continuance prior to the claimant’s filing of his motion for return of property and dismissal.
On remand, we have reviewed the cases cited to us by the supreme court.
In United States v. $8,850.00 in U.S. Currency, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the federal district court declared the property ($8,850.00 in U.S. currency) forfeited because the owner had failed to declare the currency when she entered the United States. The federal Ninth Circuit reversed on the ground that the Government had waited too long (18 months) to file forfeiture proceedings. The U.S. Supreme Court reversed the circuit court’s ruling, applying a balancing test regarding speedy trial claims as a relevant framework for determining reasonableness of delay in filing a forfeiture action:
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we developed a test to determine when Government delay has abridged the right to a speedy trial. The Barker test involves a weighing of four factors: length of delay, the reason for the delay, the defendant’s assertion of his right, and 'prejudice to the defendant. [Emphasis added.]
‡ ‡ ‡ ‡ ‡ $
The Barker balancing inquiry provides an appropriate framework for determining whether the delay here violated the due process right to be heard at a meaningful time.
461 U.S. at 564, 103 S.Ct. at 2012.
Under the Barker approach, the $8,850.00 court found that the 18-month delay in filing civil forfeiture proceedings was “quite significant,” but that it was justified because there were pending criminal and civil proceedings; there was no evidence that the Government’s investigation was not pursued with diligence or that the Government was ^responsible for the slow pace; and there was no evidence that the claimant desired “early commencement of a civil forfeiture proceeding,” because she never used the available remedies to seek return of the seized currency and never alleged or showed that the delay prejudiced her ability to defend against the forfeiture.
In State v. $126,053.00 U.S. Currency, 595 So.2d 1157 (La.1992), the court’s entire ruling was as follows:
Granted and remanded to the district court which is ordered to conduct an immediate evidentiary hearing on the forfeiture and to decide whether the state’s delay in filing a forfeiture proceeding or in holding a forfeiture trial violated the relator’s state or federal rights to due process of law in light of United States v. $8,850 in U.S. Currency, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983); United States v. Banco Cafetero Panama, 797 F.2d 1154 (2d Cir.1986); see also D.B. Smith, Prosecution and Defense of Forfeiture Cases § 12.01 et seq. discussing undue delay in seeking forfeiture generally. Otherwise Denied.
595 So.2d at 1158.
In United States v. Banco Cafetero Panama, cited in State v. $126,053.00 U.S. Currency, the federal Second Circuit held that claimants of seized funds were not entitled to an immediate probable cause hearing following the filing of the forfeiture action in advance of the forfeiture trial. The court analyzed the proceeding before it pursuant to the Barker v. Wingo factors adopted in the $8,850 case, concluding the government had clearly commenced the forfeiture actions without undue delay. The court noted, however, that at some point delay in holding the forfeiture trial after filing of a forfeiture action amounts to a denial of due process, but stated, “In any event, we need not determine on this appeal at what point a due process violation occurs. We leave to the District Court the task of conducting a forfeiture trial within a reasonable time, in *926 accordance with the Barker factors, to provide appellants with due process of law.” (Emphasis added.) 797 F.2d at 1163.
Reviewing the case before us in light of the above jurisprudence, we conclude the trial court erred in dismissing the State’s case on the basis of a delay greater than 60 days. As pointed out by the State, La. R.S. 40:2612(G) only says that “the hearing on the claim shall Isbe held within sixty days after service of the petition unless continued for good cause.” That language does not in itself place the burden on the State to set the matter for trial within 60 days. In fact, trial settings are within control of the court rather than the prosecutor.
We conclude that before granting a motion for return of seized property due to lack of timely hearing on a petition under the Seizure And Controlled Dangerous Substances Property Forfeiture Act of 1989, the trial court should analyze the proceedings in the case pursuant to the four-factor balancing test used in United States v. $8,850.00, supra. The purpose of such an analysis is to determine whether the claimant’s due process right to a hearing at a meaningful time has been violated.
Accordingly, we recall our earlier ruling and grant the application. We vacate the ruling of the trial court and remand the matter for an immediate evidentiary hearing on the forfeiture and to decide whether the delay in holding a forfeiture trial violated the claimant’s state or federal rights to due process of law in light of United States v. $8,850, 461 U.S. 655, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), and State v. $126,058.00 U.S. Currency, 595 So.2d 1157 (La.1992).

RULING OF MAY 21, 1998 RECALLED; WRIT GRANTED; JUDGMENT VACATED; CASE REMANDED.