ROBERTS, J.,
for the Court.
¶ 1. This appeal follows Willie Hampton’s arrest and Tunica County’s efforts to acquire portions of Hampton’s property through forfeiture. Tunica County filed the forfeiture action at issue nine days after Hampton was arrested. Nearly five years later, the Tunica County Circuit Court awarded Tunica County the property it sought. Aggrieved, Hampton appeals pro se and raises numerous issues. For brevity’s sake, we reduce those issues to the following one:
I. WAS THE FORFEITURE PROCEEDING INSTITUTED WITHIN THE PROPER TIME AS SPECIFIED BY MISSISSIPPI CODE ANNOTATED § 41-29-177.
Finding that the circuit court erred, we reverse and remand this matter to the circuit court for proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 21, 2000, federal and state law enforcement agencies arrested Willie Hampton at his home and charged him with violations of Mississippi’s controlled substance laws. The Tunica County Sheriffs Department (the County) seized portions of Hampton’s personal property. In particular, the County seized a 1970 Mercury Cougar, two Ford Mustangs, and $355.
¶ 3. Nine days later, the County filed a complaint for forfeiture in the Tunica County Circuit Court and then served Hampton with process. Attorney David G. *990 Hill entered a formal appearance as Hampton’s counsel in the forfeiture action. On October 18, 2000, Hampton filed a notice of deposition. Hampton intended to depose Deputy Sheriff Jerome Hudson on October 26, 2000. On the date set for deposition, Deputy Hudson did not attend.
¶ 4. Hampton finally filed his answer to the County’s complaint on November 1, 2000. Additionally, Hampton filed a motion for contempt along with his answer. Hampton remained determined to depose Deputy Hudson. On November 13, 2000, Hampton filed a motion to compel Deputy Hudson’s attendance at a deposition. On November 15, 2000, Hampton filed a second notice of deposition by which he again stated his intent to depose Deputy Hudson. Hampton sought to depose Deputy Hudson on November 16th.
¶ 5. The County took steps to prevent Hampton from deposing Deputy Hudson at that time. To that end, the same day that Hampton filed his second notice of deposition, the County filed a motion for stay of discovery. The County asked the circuit court to stay discovery because of Deputy Hudson’s participation in Hampton’s federal narcotics case that led to the County’s forfeiture action. On November 30, 2000, the circuit court entered an order and granted the County’s motion to stay discovery. By that order, the circuit court stayed all discovery until the federal district court adjudicated Hampton’s then pending criminal and civil cases.[1]
¶ 6. According to the record, nothing happened in the County’s forfeiture proceeding until December 17, 2001. It appears that Hampton was a federal inmate as of that date, as indicated by his listed address at the federal penitentiary in Lompoc, California. In any event, on December 17, 2001, Hampton acted pro se and filed a document entitled “Replevin.” We interpret Hampton’s “Replevin” document as his claim that the seized property was not subject to a narcotics forfeiture and that the circuit court should dismiss Tunica County’s forfeiture petition. However, the “replevin” filing did not request a prompt hearing on the forfeiture action.
¶ 7. After December 17, 2001, there is another large gap in the record; this gap lasted three years. The record shows no activity regarding Tunica County’s forfeiture proceeding from December 17, 2001 until December 20, 2004. On December 20, 2004, Hampton filed a change of address with the circuit clerk. By his new address in the Victorville Unit B-3, Ade-lanto, California, and his prisoner number, it is clear that Hampton was a federal inmate at that time.
¶ 8. Additionally, the County filed a new petition for forfeiture in the same cause number on December 20, 2004, though the record does not contain an order by which the circuit court granted leave to allow the County to amend its prior petition. Regardless, in the County’s second petition for forfeiture, the County submitted that the circuit court should dismiss Hampton’s replevin claim and notified Hampton that a hearing on its forfeiture action would take place at 2:00 p.m. on February 24, 2005.[2]
¶ 9. On December 30, 2004, Hampton’s counsel, David G. Hill, sent the County’s *991 attorney a letter and stated that he no longer represented Hampton. However, the record does not contain an order that relieved Hill from his responsibilities as counsel of record for Hampton. After-wards, the record indicates that Hampton literally inundated the court file with pro se pleadings, such as entries of appearance, a writ of ad testificandum, notices of interrogatories, and a motion for extension of time for the forfeiture hearing.
¶ 10. On January 31, 2005, Hampton filed a pro se pleading titled “notice of ex parte expeditious motion show cause why action should not be dismissed re failure to prosecuted.” In that pleading, Hampton claimed that the delayed resolution of the forfeiture proceedings resulted in a violation of his “speedy trial” rights. That pleading was Hampton’s first demand that the circuit court speedily conclude that forfeiture action. On February 18, 2005, the circuit clerk filed a document titled “clerk’s motion to dismiss for want of prosecution.” The circuit court never ruled on that motion.
¶ 11. Apparently the circuit court conducted a hearing in Hampton’s absence on February 24, 2005.[3] The circuit court did not make a record of that hearing. In any event, the circuit court entered an order on March 8, 2005, and held that the property at issue be forfeited to Tunica County. Hampton appeals.
STANDARD OF REVIEW
¶ 12. “The appropriate standard of review in forfeiture cases is the familiar substantial evidence/clearly erroneous test.” Galloway v. City of New Albany, 735 So.2d 407(¶ 15) (Miss.1999). “This Court will not disturb a circuit court’s findings unless it has applied an erroneous legal standard to decide the question of fact.” Id.
ANALYSIS
¶ 13. The County filed its complaint for forfeiture nine days after Hampton was arrested. Pursuant to Section 41-29-177(1):
Except as otherwise provided in Section 41-29-176, Mississippi Code of 1972, when any property, other than a controlled substance, raw material or paraphernalia, is seized under the Uniform Controlled Substances Law, proceedings under this section shall be instituted within thirty (30) days from the date of seizure or the subject property shall be immediately returned to the party from whom seized.
Miss.Code Ann. § 41-29-177(1) (Rev.2005). There can be no doubt that the County filed its complaint timely. Accordingly, whether the County filed its complaint in a timely manner is not the issue we must resolve. Rather, the central issue in this case is whether the County’s delay in prosecuting a timely filed forfeiture action constitutes a denial of Hampton’s due process rights.
¶ 14. After the County served Hampton with process, the County took no action until it requested a stay of discovery eight months later. Mississippi Code Annotated Section 41-29-179(1) (Rev.2005) provides, “upon the request by the Bureau of Narcotics, local law enforcement agency or the owner of the property, the court may postpone said forfeiture hearing date to a date past the time any criminal action is pending against said owner.”
*992 ¶ 15. While there is no Mississippi case law on this issue, practically speaking the issue arises not infrequently. Where forfeiture must be initiated while criminal proceedings are concurrently taking place, a criminal defendant has an incentive to use civil discovery tools to question law enforcement personnel regarding the details of their criminal eases. Likewise, a defendant’s Fifth Amendment rights in criminal proceedings can be implicated in concurrent civil proceedings. Therefore, it is not unusual for civil forfeiture actions to be continued until after the underlying criminal proceedings are concluded. See, e.g. Escamilla v. Tri-City Metro Drug Task Force, 100 Wash.App. 742, 999 P.2d 625, 630 (2000); State, v. Nourallah, 726 So.2d 923, 924 (La.App.Ct.1998). Nevertheless, a continued forfeiture action must be timely concluded, and an unreasonable delay will constitute a denial of due process. Id. at 925-926.
¶ 16. In determining whether a delay constitutes a denial of due process, other jurisdictions have adopted the federal standard as to the reasonableness of delay. See, e.g. State v. One Thousand Nine Hundred Forty Seven Dollars, 255 Neb. 290, 583 N.W.2d 611, 617 (1988); Escamilla, 999 P.2d at 630; Commonwealth v. Two Parcels of Land, 48 Mass.App.Ct. 693, 724 N.E.2d 739, 746 (2000). These cases adopted the federal test as to whether a delay constitutes a denial of due process as set forth in United States v. Eight Thousand Eight Hundred and Fifty Dollars in United States Currency, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). In that case, the Supreme Court adopted the Barker v. Wingo[4] factors as the appropriate test to determine whether a delay in initiating forfeiture proceedings constitutes a Fourteenth Amendment violation. The factors are the length of delay, the reason for the delay, the claimant’s assertion of his rights, and prejudice to the defendant.
¶ 17. In this case, the circuit court stayed the civil proceedings until after resolution of the federal criminal proceedings. However, the record is silent as to when the criminal proceedings concluded. Approximately a year after the circuit court stayed discovery, Hampton filed a replevin pleading. At that time, it appears that Hampton was a federal inmate housed in the federal penitentiary in Lompoc, California. A lapse of three years followed. That lapse ended on December 20, 2004, when Hampton filed a change of address with the circuit clerk and the County filed a second petition for forfeiture. Only then did Tunica County file a notice of hearing for February 24, 2005. The County offers no explanation for this delay in either the record or its brief.
¶ 18. Certainly the length of delay is substantial. However, the record is silent as to the reason for the delay. Hampton failed to assert any claim for a speedy resolution until January 31, 2005. Of the four factors from Barker, the most critical factor is prejudice to the accused. Jones v. Greene, 946 S.W.2d 817, 826 (Tenn.Ct.App.1996). The most critical aspect to prejudice is the ability to defend against the claim. Id. A delay may be considered harmless without a showing of actual prejudice. Id. However, as with the reason for the delay, the record is simply silent as to how the delay prejudiced Hampton’s ability to defend the action.
¶ 19. We reverse and remand in order to allow the parties to present a record that would allow analysis by this Court under the Barker standards. On remand, Tunica County will have an opportunity to explain the delay and Hampton will have *993 an opportunity to explain why he did not request a hearing for three years. Hampton would also have an opportunity to detail just what actual prejudice he may have suffered.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY GRANTING THE FORFEITURE OF ONE 1970 MERCURY COUGAR, ONE 1992 FORD MUSTANG, ONE FORD MUSTANG AND $355 IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. Based on the record, particularly some of the exhibits and documents Hampton filed with his pleadings, it appears that Hampton was indicted in Case No. 2:00CR094 for numerous serious narcotics offenses and then tried and convicted in January of 2001. Nothing appears in the record regarding any appeal, reversal, retrial or subsequent federal criminal proceedings.

. That document contains a typographical error that reflects the hearing date as February 24, 2004, rather than the correct date of February 24, 2005.

. It’s likely that Hampton was absent because he was an incarcerated in California as a federal inmate. The record does not disclose whether the circuit court attempted to have federal authorities return Hampton to Tunica County so that he could be present for the hearing.

. 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).