# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-02039-SCT

*ONE 1970 MERCURY COUGAR, VIN #0F9111545940; ONE 1992 FORD MUSTANG, VIN #FACP44E4NF173360; ONE FORD MUSTANG; AND $355.00 U.S. CURRENCY*

*v.*

*TUNICA COUNTY, MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/20/2010 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARVIN D. MILLER |
| | JOHN M. COLETTE |
| ATTORNEY FOR APPELLEE: | JOHN T. LAMAR, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 06/20/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Five years after law-enforcement officials seized three cars and $355 cash from Willie Hampton in connection with his arrest, the Tunica County Circuit Court granted Tunica County's petition for a forfeiture. Hampton appealed, arguing that the delay violated his right to a speedy trial. The Court of Appeals remanded, instructing the circuit court to establish a record on the **Barker**[1] factors, but the circuit court denied the defendant – who

---

[1] **Barker v. Wingo**, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) (holding that when determining whether a delay in prosecution violates a defendant's right to a speedy trial, courts

was incarcerated at the time of trial – any opportunity to present evidence of prejudice, so we reverse.

## FACTS AND PROCEDURAL HISTORY

¶2.     On March 21, 2000, federal and state law-enforcement officials arrested Willie Hampton on narcotics charges. The Tunica County Sheriff's Department seized a 1970 Mercury Cougar, two Ford Mustangs, and $355 cash from Hampton, and on March 30, 2000, the county filed a civil-forfeiture proceeding. On November 30, 2000, the Tunica County Circuit Court stayed discovery on the county's motion until related federal criminal and civil proceedings concluded.

¶3.     On December 17, 2001, after a period of more than one year without any action in the case, Hampton moved to dismiss the forfeiture petition. Neither party, nor the circuit court, took any further action until December 20, 2004, when the county filed a new forfeiture petition. On January 31, 2005, and February 18, 2005, respectively, Hampton and the circuit clerk moved to dismiss the case for failure to prosecute. Instead of dismissing the action, the circuit court granted the forfeiture on March 8, 2005.

¶4.     Hampton appealed, arguing that the five-year delay in his forfeiture case violated his right to a speedy trial. On August 22, 2006, the Court of Appeals remanded the case:

> in order to allow the parties to present a record that would allow analysis by this Court under the ***Barker*** standards. On remand, Tunica County will have an opportunity to explain the delay, and Hampton will have an opportunity to

---

must consider the length of the delay, the reason for the delay, whether the defendant asserted his rights, and the resulting prejudice to the defendant).

2

explain why he did not request a hearing for three years. Hampton would also have an opportunity to detail just what prejudice he may have suffered.[2]

The court noted that the record was silent as to the reason for the delay and the prejudice Hampton suffered.[3]

¶5. Nothing happened for seven months. On March 23, 2007, Hampton filed a motion in the circuit court seeking an explanation as to why the court had not held the ***Barker*** hearing. A week later, Hampton moved to have the circuit court order the county to proceed with the case. Still receiving no relief, Hampton sought a writ of mandamus from the Court of Appeals, but the circuit court responded that it was attempting to schedule a hearing and would rule on the case by November 1, 2007. The Court of Appeals dismissed the petition without prejudice.

¶6. Nothing happened for almost three years. On January 22, 2010, Hampton once again sought relief from the Court of Appeals, filing a motion for inquiry into the circuit court's noncompliance with the mandate. He also filed a second petition for writ of mandamus February 10, 2010, and he moved to lift the stay -- issued in November 2000 -- in the circuit court. The circuit court set a hearing for February 24, 2010. One day before the scheduled hearing, Hampton moved for a continuance while awaiting relief from the Court of Appeals. The circuit court continued the hearing until April 21, 2010, and then to July 15, 2010.

¶7. Due to his incarceration in a federal penitentiary, Hampton petitioned the circuit court for a *writ of habeas corpus ad prosequendum* in order to attend the scheduled hearing. The

---

[2]***One 1970 Mercury Cougar, VIN No. 0F911154940 v. Tunica County***, 936 So. 3d 988, 992-93 (Miss. Ct. App. 2006).

[3]***Id.***

3

circuit court granted Hampton's petition, ordering that the warden of the United States Penitentiary in Florence, Colorado, take appropriate measures to provide for Hampton's transportation. The court also ordered that Hampton pay all costs associated with his transportation and security. The U.S. Marshals' Service informed Hampton that any transportation would have to be arranged by the circuit court. Hampton informed the circuit court of this response, but no transportation was provided.

¶8.    Hampton also filed exhibit and witness lists and requested subpoenas for his witnesses. These subpoenas were issued for the scheduled April 21 hearing, which did not occur. After the hearing was postponed to July 15, Hampton requested subpoenas for additional witnesses.

¶9.    On July 15, 2010, the circuit court held the hearing ordered by the Court of Appeals. Because the circuit court provided him no transportation, Hampton was not present but participated by telephone. An attorney, Robert Laher, entered an appearance, claiming he was present on behalf of Hampton, but "Not Counsel." Hampton was listed as appearing pro se.

¶10.    During the hearing, the court gave both Hampton (over the telephone) and the county an opportunity to explain how the *Barker* considerations applied to this case. The court refused to allow any witness testimony or documentary evidence, except that – at the county's request – the court took judicial notice of a timeline of events in the case. The trial judge specifically told Hampton "[w]e're not here to involve ourselves with evidence."

¶11.    Hampton repeatedly argued that he had a right to be physically present at the hearing, a right to call witnesses, and a right to present evidence. The judge repeatedly stated that

4

Hampton had only the opportunity to respond to the county's argument. Further, the trial court questioned why Laher could not present Hampton's case for him, to which Hampton responded he was proceeding pro se and that Laher was present only to ensure that someone could enter his appearance.

¶12.    At the conclusion of the hearing, the court determined that, although Hampton may have suffered some prejudice, the delay was primarily caused by Hampton's incarceration and the stay pending federal criminal and civil proceedings that finally concluded on August 24, 2009. The court determined that the delay did not violate Hampton's right to a speedy trial.

¶13.    Hampton appealed, arguing that the Court of Appeals should reverse the circuit court's ruling because the trial court prevented his presentation of evidence and denied him the right to be physically present. The Court of Appeals affirmed the circuit court's ruling, finding that the circuit court held a proper hearing to establish a record, and that no authority supports Hampton's argument that he had a right to be physically present at a civil forfeiture proceeding.

¶14.    Hampton filed his petition for *writ of certiorari*, arguing that the Court of Appeals erred by holding that the circuit court held a proper hearing on the ***Barker*** factors and that there is no due process right to be physically present at a civil-forfeiture proceeding. We granted *certiorari*.

¶15.    It is clear from the record that the circuit court denied Hampton any opportunity to present evidence of prejudice. Because the Court of Appeals relied on finding that Hampton had failed to present evidence of prejudice in affirming the trial court's finding that the delay

5

did not deny Hampton's right to a speedy trial, we reverse the decisions of the Court of Appeals and the Tunica County Circuit Court. We remand the case to the Tunica County Circuit Court for a new hearing, at which the court will allow the parties to present evidence of the **Barker** factors.

¶16.   And because the circuit court granted Hampton's *writ of habeas corpus ad prosequendum*, we find it unnecessary to determine if due process required Hampton's physical presence at the hearing.  He had that right pursuant to the trial court's order.

**ANALYSIS**

¶17.   The Court of Appeals held that, on remand, Hampton failed to present evidence of prejudice, and it further held that his right to a speedy trial was not violated. But it is clear from the record that Hampton had no meaningful opportunity to present evidence. Accordingly, we reverse the Court of Appeals' decision as well as that of the circuit court, and remand for a new hearing on the **Barker** factors.

¶18.   Both the United States and Mississippi Constitutions guarantee a defendant's right to a speedy trial[4] which, according to the United States Supreme Court, applies in civil forfeiture proceedings.[5]  In **Barker v. Wingo**, the United States Supreme Court articulated four factors to determine whether a delay violates a defendant's right to a speedy trial.[6]

[4]U.S. Const. amend. VI; Miss. Const. art. 3 §26.

[5]***United States v. Eight Thousand Eight Hundred & Fifty Dollars in U.S. Currency***, 461 U.S. 555, 556, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983).

[6]***Barker v. Wingo***, 407 U.S. 514, 530 (1972).

Courts must consider the length of the delay, the reason for the delay, whether the defendant asserted his rights, and the resulting prejudice to the defendant.[7]

¶19. In his appeal of the circuit court's grant of a property forfeiture, Hampton argued that his right to a speedy trial was violated by a five-year delay.[8] The Court of Appeals remanded the case to the circuit court because the record did not provide sufficient information for the court to consider the ***Barker*** factors and to determine whether the delay violated Hampton's right to a speedy trial.[9] The court explained that the record was silent as to the reason for the delay and the prejudice suffered.[10] The court instructed that, on remand, Tunica County should explain the reason for the delay and Hampton would explain the prejudice.[11]

¶20. No citation of authority is necessary for the fundamental propositions that issues of fact are decided by the weighing of evidence, and that the arguments of counsel are not evidence. The ***Barker*** factors cannot be argued meaningfully without evidence to support the arguments. The trial court was required to allow the parties to "present a record"[12] so that the court could determine the reason for the delay and whether Hampton suffered prejudice. Prior to the hearing on remand, Hampton filed exhibit and witness lists with the trial court.

---

[7]***Id.***

[8]***One 1970 Mercury Cougar, VIN No. 0F911154940 v. Tunica County***, 936 So. 3d 988, 989 (Miss. Ct. App. 2006).

[9]***Id.*** at 992.

[10]***Id.***

[11]***Id.*** at 992, 993.

[12]***Id.*** at 992.

But the trial judge informed Hampton during the hearing that they were "there procedurally" and not there to "involve ourselves with evidence."

¶21. Whether Hampton suffered prejudice because of the delay is a factual issue to be determined by weighing evidence. This is precisely the purpose articulated for our Rules of Evidence -- "that the truth may be ascertained and proceedings justly determined"[13] -- and it is applicable to all proceedings save for a few enumerated exceptions not relevant here.[14] Without the presentation of evidence, Hampton had no meaningful way to establish prejudice. The circuit court did not comply with the Court of Appeals' instructions on remand.

¶22. The hearing transcript clearly demonstrates that Hampton repeatedly asserted his right to call witnesses and present evidence, in addition to asserting a right to be physically present. Additionally, the Court of Appeals – after acknowledging that Hampton was proceeding pro se – suggested that an attorney should have presented his evidence. But even if the attorney at the hearing had been there as Hampton's counsel, the trial judge made it very clear that the purpose of the hearing was not to present evidence.

¶23. Because the Court of Appeals erroneously concluded that Hampton had an opportunity to present evidence, we must reverse.

¶24. We note that Hampton also argues that he had a due-process right to be physically present at the hearing. The Court of Appeals found that there is no authority supporting the

---

[13]Miss. R. Evid. 102.

[14]Miss. R. Evid. 1101(b).

existence of such a right in a civil forfeiture proceeding.[15] But the trial court had granted Hampton's petition for *writ of habeas ad prosequendum*, giving him the right to physically be present in this case, so we need not address this issue.

## CONCLUSION

¶25. The Court of Appeals erroneously concluded that Hampton had an opportunity to present evidence of prejudice. The trial court denied Hampton any such opportunity. Because prejudice is a necessary ***Barker*** factor and the trial court failed to comply with the instructions on remand, the Court of Appeals erred in affirming the trial court's finding that Hampton was not denied a speedy trial. We reverse the judgments of the Court of Appeals and the Circuit Court of Tunica County, and remand for a new hearing in which the parties will be allowed to present evidence related to the ***Barker*** factors.

¶26. **REVERSED AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR. LAMAR, J., NOT PARTICIPATING.**

---

[15]*Id.*