LEE, C.J.,
for the Court:
¶ 1. In conjunction with Willie Hampton’s arrest for possession of narcotics, the Tunica County Sheriffs Department seized several items of Hampton’s personal property. The County filed a complaint for forfeiture, which was granted after a five-year delay. Hampton, acting pro se, filed an appeal challenging the delay. The issue was addressed by this Court. After determining there were insufficient facts to make a decision as to the reasonableness of the delay, we remanded the case for a hearing. A hearing was held, and the circuit court found that Hampton’s due-process right to a speedy trial was not violated. Aggrieved with the circuit court’s decision on remand, Hampton now appeals a second time.
FACTS AND PROCEDURAL HISTORY
¶ 2. A warrant was issued for Hampton’s arrest for alleged violations of controlled-substance laws. On March 21, 2000, Hampton was arrested at his home by federal and state law-enforcement agencies. After Hampton was arrested, the Tunica County Sheriffs Department (the County) seized a 1970 Mercury Cougar, two Ford Mustangs, and $355 in cash. Nine days later, the County filed a complaint for forfeiture in the Tunica County Circuit Court. Hampton filed his answer on November 1, 2000. On November 15, 2000, the County asked for a stay of discovery because of Hampton’s ongoing federal narcotics case. The circuit court entered an order staying all discovery until the conclusion of the federal criminal and civil cases.
¶ 8. The next recorded action was on December 17, 2001, when Hampton filed a document entitled “Replevin.” In this motion, Hampton requested that the circuit court dismiss the forfeiture petition. The next action of record occurred three years later on December 20, 2004, when the County filed a new petition for forfeiture. Ten days later, Hampton’s attorney withdrew as counsel. Hampton then filed numerous pro se pleadings in the circuit court. On January 31, 2005, Hampton filed a motion for failure to prosecute. On February 18, 2005, the circuit clerk filed a motion to dismiss for want of prosecution. A hearing was noticed, and the circuit court entered an order on March 8, 2005, granting the forfeiture petition in favor of the County.
¶ 4. Hampton appealed to the Mississippi Supreme Court, and his case was assigned to this Court. Finding insufficient evidence to reach a decision on the alleged speedy-trial violation, we held as follows:
We reverse and remand in order to allow the parties to present a record that would allow analysis by this Court under the Barker standards. On remand, Tu-nica County will have an opportunity to explain the delay[,] and Hampton will have an opportunity to explain why he did not request a hearing for three years. Hampton would also have an opportunity to detail just what actual prejudice he may have suffered.
One 1970 Mercury Cougar, VIN No. 0F9111545940 v. Tunica County, 936 So.2d 988, 992-93 (¶ 19) (Miss.Ct.App.2006). In the opinion, we also noted it was impossible to determine if the delay was reasonable because “the record is silent as to when the [federal] criminal proceedings concluded.” Id. at 992 (¶ 17).
¶ 5. On July 15, 2010, the circuit court held a hearing pursuant to the remand instructions. Hampton’s attorney and the County’s attorney were present at the hearing. Hampton was present via telephone, as he was in prison in Colorado. The County stated for the record the relevant dates of the state and feder *821 al proceedings and entered a timeline into evidence. According to the County’s timeline, the federal criminal action resulted in a conviction of life imprisonment on July 11, 2001. However, the circuit court’s order dated November BO, 2000, stayed the action pending a final adjudication of the federal civil action as well as the criminal action. The federal civil action was not dismissed until August 24, 2009. The County argued it was following the circuit court’s order in waiting for the conclusion of both the federal civil and criminal actions, and this was the main reason for the delay. Hampton did not present evidence at the hearing. Instead, he argued the hearing was illegal because he was not physically present. The circuit court concluded that although “some prejudice” may have resulted from the delay, the delay was caused mainly by the federal proceedings and Hampton’s imprisonment in Colorado. The circuit court reaffirmed its original decision.
¶ 6. Hampton now appeals a second time, arguing the circuit court erred by (1) not allowing the presentation of evidence regarding a speedy trial, and (2) not allowing him to be physically present at the hearing. Finding no merit to Hampton’s issues, we affirm the circuit court’s judgment.
STANDARD OF REVIEW
¶ 7. The standard of review regarding claims of speedy-trial violations is as follows:
Review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause. Under this Court’s standard of review, this Court will uphold a decision based on substantial!] credible evidence. If no probative evidence supports the circuit court’s finding of good cause, this Court will ordinarily reverse. The [S]tate bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.
DeLoach v. State, 722 So.2d 512, 516 (¶ 12) (Miss.1998) (internal citations omitted).
DISCUSSION
I. HEARING ON REMAND
¶ 8. Hampton argues the circuit court’s judgment should be reversed a second time because he was prevented from presenting evidence of the Barker factors on remand.
¶ 9. The United States Supreme Court has set out four factors that must be considered in determining whether a defendant’s constitutional right to a speedy trial has been violated. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his rights, and (4) whether the defendant has been prejudiced by the delay. Id. Although the issue in Barker was the right to a speedy trial in a criminal prosecution, the United States Supreme Court and this Court have adopted the Barker test for civil forfeiture actions. United States v. Eight Thousand Eight Hundred & Fifty Dollars in U.S. Currency, 461 U.S. 555, 556, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983); One 1970 Mercury Cougar, 936 So.2d at 992 (¶ 16).
¶ 10. The circuit court held a hearing on the Barker factors pursuant to the remand instructions. However, Hampton argues he is entitled to another hearing because the circuit court refused to allow him to present evidence. Hampton bases this argument on the following statement made by the circuit court judge during the remand hearing: “Mr. Hampton, this proceeding is not that of the merits. We’re *822 here procedurally.... We are not here to try your case. We’re not here to involve ourselves with evidence.”
¶ 11. The County was allowed to enter an exhibit into evidence, and there is no indication the circuit court prevented Hampton from doing the same. Regardless, Hampton made clear he was not putting on evidence at the hearing because he was not physically present. When asked to present his case, Hampton complained he had been “extremely prejudiced,” but he did not give any specific information. He then complained his prior attorney was incompetent. Hampton concluded by stating: “So this is what I’m saying for the record, if I’m not present, like the Supreme Court mandated, this is an illegal ... hearing. I’m not afforded my due process. So with that, I would like to end.”
¶ 12. Although Hampton contended throughout the hearing he was acting pro se, he had an attorney physically present at the hearing. The attorney did not speak, but his name is on the cover page on the transcript as appearing for Hampton. Next to the attorney’s name, the words “not counsel” appear in parentheses. When Hampton was asked about the attorney, Hampton responded: “He’s not my attorney. [He] is only, only to represent my appearance in court. That’s all. Nothing else.” In his brief, Hampton argues he had thirty-four exhibits to present at the hearing, but he was unable to present them because he was not physically present. Hampton offers no explanation why the attorney who was physically present could not have presented the exhibits.
¶ 13. We find the circuit court properly conducted the hearing on remand as instructed by this Court. Hampton was given an opportunity to present a record but failed to do so. Further, Hampton chose to proceed pro se, even though hired counsel was present. We find no merit to Hampton’s contention that he was prevented from presenting evidence.
¶ 14. Applying the Barker factors, we must rely on the evidence available. As to the first factor, the length of the delay, the five-year delay weighs heavily in favor of Hampton.
¶ 15. As to the second factor, the reason for the delay, much of the delay was due to the circuit court’s order staying the proceedings until the federal civil charges were adjudicated. The federal civil action was not dismissed until August 24, 2009. The County asserts that in 2004 when it realized Hampton’s federal civil action had been stalled indefinitely, it filed a motion to proceed with the forfeiture hearing. A hearing was scheduled for February 24, 2005, but Hampton did not participate despite being noticed. From this hearing, the order of forfeiture was entered. As the delay was mainly due to the circuit court’s order staying the action, this factor weighs in favor of neither party.
¶ 16. The third factor is the assertion of the right to a speedy trial. Although it was the State’s duty to prosecute the case, the circuit court’s order stayed the case pending the resolution of the civil, as well as criminal, federal cases. Hampton argues the circuit court had no authority to stay the action pending the federal civil charge. See Miss.Code Ann. § 41-29-179(1) (Rev.2009). However, Hampton did not challenge this or ask the circuit court to lift the stay at any point. Hampton cannot now bring this argument for the first time on appeal. Brown v. State, 995 So.2d 698, 703 (¶ 21) (Miss.2008). Hampton did not assert his right to a speedy trial until January 31, 2005. This factor weighs in favor of the County.
¶ 17. As to the fourth and most critical factor, prejudice to the defendant, Hamp *823 ton has presented no evidence. Hampton argues he subpoenaed seventeen witnesses to testify regarding how he was prejudiced, but he could not present these witnesses because he was not physically present at the hearing. Again, Hampton chose not to testify or present evidence at the hearing. Factor four weighs in favor of the County.
¶ 18. We cannot find the circuit court erred in holding Hampton’s right to a speedy trial was not violated. Although the length of the delay weighs in Hampton’s favor, Hampton failed to offer any proof as to the remaining three Barker factors despite having several opportunities. Most importantly, a “due[-]process violation cannot be established absent a showing of prejudice to the appellant.” Jackson v. State, 910 So.2d 658, 665 (¶ 17) (Miss.Ct.App.2005) (quoting United States v. Tucker, 8 F.3d 673, 676 (9th Cir.1993)). Hampton put on no proof of prejudice.
¶ 19. We find the circuit court made the correct decision with the evidence available. This issue is without merit.
II. PHYSICAL PRESENCE AT THE HEARING
¶ 20. Hampton argues he was denied due process because he was not physically present at the hearing. Hampton was incarcerated in Colorado, and he was present at the hearing by telephone. We can find no authority for Hampton’s proposition that he had a constitutional right to be physically present at a civil forfeiture hearing. This issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.