# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00121-COA

| | |
|---|---|
| **1984 CHEVY CAMARO AND $265.00 U.S. CURRENCY** | **APPELLANT** |
| **v.** | |
| **LAWRENCE COUNTY SHERIFF'S DEPARTMENT** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 12/20/2012 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ERIC DE'JUAN JONES (PRO SE) |
| ATTORNEY FOR APPELLEE: | MORRIS SWEATT SR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | APPELLANT'S PETITION TO CONTEST FORFEITURE DISMISSED WITH PREJUDICE |
| DISPOSITION: | REVERSED AND REMANDED: 10/07/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     On May 18, 2002, Eric Jones was arrested for possession of 6.2 grams of cocaine.  On May 31, 2002, the Lawrence County Sheriff's Department (the County) gave him formal notice of its intention to forfeit his 1984 Chevy Camaro and $265 in cash seized at the time of his arrest.  Jones timely filed a petition contesting the forfeiture with the court.  However, he failed to serve a copy of the petition on the County as required by the applicable forfeiture statute.  *See* Miss. Code Ann. § 41-29-176(5) (Rev. 2013).

¶2.     Thereafter, and for the ensuing ten years, Jones filed various motions pursuing a trial

on his contest of the forfeiture of his property. He is finally before this Court claiming denial of his due process rights after the circuit court's dismissal of his petition without a hearing and without presentation of any evidence justifying a forfeiture on the part of the County. We reverse and remand for further proceedings.

## THE COURSE OF PROCEEDINGS

¶3. Shortly after the filing of Jones's petition, the court set the case for trial. Witness subpoenas were issued, some at Jones's request. Several were for County officials, and the others were for law enforcement officers. The scheduled trial was postponed, and on May 21, 2003, the court entered an order staying the forfeiture proceeding pending the disposition of Jones's indictment. Shortly thereafter, on June 25, 2003, Jones pled guilty to possession of a controlled substance and was sentenced to serve sixteen years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of post-release supervision (PRS).

¶4. There is scant evidence in the record regarding the County's pursuit of the action after 2003. For reasons unknown, no forfeiture proceeding occurred after Jones's guilty plea; the stay order remained in effect from its entry on May 21, 2003, until the court dismissed Jones's petition on December 20, 2012.

¶5. In June 2004, Jones filed a motion for a preliminary injunction and temporary restraining order, restating his interest in the seized property. The record is silent as to how the motion was handled. In its brief, the County claims that it was unaware that Jones had contested the forfeiture and, as a result, had filed a "declaration of forfeiture" in 2002. There

2

is no such declaration in the record. The Camaro was reportedly sold for $350 at auction in 2006, though the sale is asserted only in argument, and again there is no evidence in the record of such a sale.

¶6.     In 2009, Jones attempted to appeal the matter to the Mississippi Supreme Court, but the appeal was dismissed for "lack of an appealable judgment," since no hearing had been held, nor judgment entered.

¶7.     On April 14, 2011, Jones filed a motion in Lawrence County requesting his case be set on the trial calendar. Jones further stated he was entitled to a speedy trial. The court set the case for December 5, 2011. The hearing did not take place, although the reason it was not held is unclear from the record.

¶8.     On March 13, 2012, Jones wrote a letter to the Fifteenth Circuit Court District, restating his request for a hearing on his forfeiture proceeding as well as transportation to the hearing. On May 7, 2012, the court notified Jones that the case had been set for May by order but because notice of that setting had not been mailed to Jones, it was being reset for December 2012. The court further informed Jones that he had a right to retain counsel, but that the court had no obligation to transport him to his civil proceeding.

¶9.     On December 10, 2012, the case was called in open court. Jones was not present. Consequently, the County moved to dismiss Jones's contest of the forfeiture based on his failure to appear. The court granted the motion and dismissed the case with prejudice. The transcript of proceedings shows the County offered to present testimony of two witnesses, who were present in court, and other evidence, if required. The court stated that a trial with

3

presentation of evidence was not necessary because Jones failed to appear and that an order in the nature of a default judgment was appropriate.

¶10.    Jones appeals pro se and raises several issues. We reduce them to the following: (1) whether Jones was denied due process by a nine-year delay of the forfeiture hearing, and (2) whether Jones was denied due process through the court's subsequent dismissal of his petition without a hearing. Finding that the circuit court erred, we reverse and remand to the circuit court for proceedings consistent with this opinion.

## STANDARD OF REVIEW

¶11.    "The appropriate standard of review in forfeiture cases is the familiar substantial evidence/clearly erroneous test." *Galloway v. City of New Albany,* 735 So. 2d 407, 410 (¶15) (Miss. 1999) (citation omitted). We "will not disturb a circuit court's findings unless it has applied an erroneous legal standard to decide the question of fact." *Id.* We review questions of law de novo.

## DISCUSSION

### 1.  Speedy Trial

¶12.    Jones argues that his right to a speedy trial was violated by a nine-year delay. Pursuant to Mississippi Code Annotated section 41-29-177(1) (Rev. 2013):

> Except as otherwise provided in Section 41-29-176, Mississippi Code of 1972, when any property, other than a controlled substance, raw material or paraphernalia, is seized under the Uniform Controlled Substances Law, proceedings under this section shall be instituted within thirty (30) days from the date of seizure or the subject property shall be immediately returned to the party from whom seized.

¶13. The County timely noticed Jones of its intention for forfeiture after Jones was arrested. And Jones timely filed his petition to contest the forfeiture. However, the court stayed the proceeding in 2003 pending disposition of Jones's criminal charges — and under that stay no hearing took place until 2012. "[I]t is not unusual for civil forfeiture actions to be continued until after the underlying criminal proceedings are concluded. Nevertheless, a continued forfeiture action must be timely concluded, and an unreasonable delay will constitute a denial of due process." *One 1970 Mercury Cougar v. Tunica Cnty.*, 936 So. 2d 988, 992 (¶15) (Miss. Ct. App. 2006) (internal citations omitted).

¶14. "Both the United States and Mississippi Constitutions guarantee a defendant's right to a speedy trial which, according to the United States Supreme Court, applies in civil forfeiture proceedings." *One 1970 Mercury Cougar v. Tunica Cnty.*, 115 So. 3d 792, 795-96 (¶18) (Miss. 2013) (internal citations omitted). When a defendant claims he was denied the right to a speedy trial, we analyze the claim using the following four factors announced in *Barker v. Wingo:* "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). These factors should be weighed according to the facts of the case, and no one factor is outcome-determinative. *Thomas v. State*, 48 So. 3d 460, 475 (¶42) (Miss. 2010) (citing *Price v. State,* 898 So. 2d 641, 647 (¶11) (Miss. 2005)). Further, other circumstances may be considered in the balancing process in addition to the *Barker* factors. *Id*. (citing *Jefferson v. State*, 818 So. 2d 1099, 1106 (¶11) (Miss. 2002)).

¶15. Here, the length of delay is substantial. The court stayed the civil proceeding until

5

after Jones's criminal proceeding. Jones entered a guilty plea in June 2003. There is no explanation in the record as to why no hearing was held until December 2012, nine years and six months later. The record shows Jones actively pursued his right to contest the forfeiture proceeding as soon as his criminal proceedings ended. He asserted his right to a speedy trial in April 2011. Jones also states he has been prejudiced by the delay, although he provides no support for this claim.

¶16. At a new trial, the parties may present a record that would allow analysis by this Court under the *Barker* standards. The County will have an opportunity to explain its idleness regarding the proceeding and its basis for disposing of the property before the 2012 hearing. Jones will also be afforded the opportunity to explain what prejudice he suffered from the delay.

### 2. Dismissal of Jones's Petition

¶17. Jones further claims that, having denied him a speedy trial, the court thereafter violated his due process rights when it dismissed his petition with prejudice without a hearing. Specifically, Jones asserts that the County's failure to establish the validity of the forfeiture at the hearing constituted an unlawful taking of his property.

¶18. The Fourteenth Amendment to the U.S. Constitution and Article Three, Section Fourteen of the Mississippi Constitution prohibit deprivation of property without due process of law. *See* U.S. Const. amend. XIV; Miss. Const. art. 3, § 14. In *Dusenbery v. United States,* 534 U.S. 161, 122 (2002), the United States Supreme Court addressed due process requirements in forfeiture cases when a citizen's property is seized by the government.

6

> The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without "due process of law." From these "cryptic and abstract words," we have determined that individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard."

*Id.* at 167 (quoting *United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 48 (1993)).

The record shows that Jones was afforded minimum due process. The court notified Jones of the hearing and provided him the opportunity for a hearing. He failed to take any action and provided no evidence by way of an affidavit or other means for consideration by the court from the time of his receipt of notice in May until the case was called up on the December trial setting date.

¶19.    Problematic, however, is the court's summary dismissal of Jones's petition for failure to attend court and prosecute. "Where, as in the case sub judice*,* an owner of property files a verified answer denying that property is subject to forfeiture, the burden is on the State to prove to the contrary." *1994 Mercury Cougar v. Tishomingo Cnty.*, 970 So. 2d 744, 748 (¶10) (Miss. Ct. App. 2007) (quotation omitted)). The County claims on appeal that, because it did not receive a copy of Jones's contest, it did not have the burden of proving the forfeiture was lawful. We are not persuaded by this argument. Even if Jones failed to serve the County with a copy of his petition, the record shows the County was notified that Jones had filed his petition with court. The County further participated in the contest by issuing witness subpoenas to individuals involved in the forfeiture. We find the involvement in the contest prohibits the County from making such a claim on appeal.

7

¶20. There is no evidence in the record indicating the County took any action to ensure a prompt hearing in accordance with the statute. But nine years later, on the day of the hearing, the County announced it was prepared to proceed with presentation of evidence, including witnesses involved in the seizure of the vehicle, the money, and the drugs. Rather than present that evidence, the County moved to dismiss the case based on Jones's absence. The court granted the motion. Thereafter, the court issued an order dismissing Jones's petition with prejudice for failure to prosecute.

¶21. The judge erred in classifying Jones as the plaintiff in this action and therefore improperly dismissed Jones's petition with prejudice for failure to prosecute. The County provided Jones its notice of intent to pursue an administrative forfeiture unless Jones objected within thirty days. Jones filed his objection within that time. Therefore, the County has been "put to its proof" and must show by a preponderance of the evidence that Jones's property should be forfeited, assuming that the consideration of the *Barker* factors does not require dismissal of the County's claim for the vehicle and the money. *See* Miss. Code. Ann. § 41-29-179(2) (Rev. 2013). And, if the court does hold a forfeiture hearing, it should employ the four-element proportionality test adopted by the Mississippi Supreme Court in *One (1) Charter Arms, Bulldog 44 Special v. State ex rel. Moore*, 721 So. 2d 620, 624-625 (¶19) (Miss. 1998):

   (1)   The nexus between the offense and the property and the extent of the property's role in the offense;

   (2)   The role and culpability of the owner;

(3)     The possibility of separating the offending property from the remainder; and

(4)     Whether, after a review of all relevant facts, the forfeiture divests the owner of property which has a value that is grossly disproportionate to the crime or grossly disproportionate to the culpability of the owner.

For the foregoing reasons, we reverse the circuit court's decision, and remand for proceedings consistent with this opinion.

¶22.     **THE JUDGMENT OF THE CIRCUIT COURT OF LAWRENCE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND JAMES, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**